IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FRANKIE TELLES,**

      Petitioner,

v.                                                                                No. Civ: 12cv570 RB/RHS

**JAMES LOPEZ, Warden, and
GARY K. KING, New Mexico
Attorney General,**

      Respondents.

## REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court on Petitioner Frankie Telles's Petition Under 28 U.S.C. § 2254 For A Writ of Habeas Corpus By A Person In State Custody (Doc. 1). The matter has been referred to the undersigned to analyze and to recommend a disposition to the assigned District Judge (Doc. 4). After a careful review of the Petition (Doc. 1), Respondents' Answer (Doc. 16), Respondent's Motion to Dismiss and Memorandum in Support (Doc. 17 and 18), Petitioner's Response (Doc. 19), Respondent's Reply (Doc. 20) and other documentation available to the Court, it is recommended that the Petition be denied and the case be dismissed with prejudice.

### PROCEDURAL HISTORY
### IN THE STATE COURT PROCEEDING

Petitioner was convicted on May 2, 2008, in the Third Judicial District, Dona Ana County, Cause No. CR-2004-278. Petitioner was found guilty of the following offenses:

    a. Second degree murder (with firearm enhancement), a second degree felony resulting in the death of a human being, in violation of §§ 30-2-1(B) and 31-18-16 NMSA 1978;
    b. Aggravated assault (deadly weapon)(with firearm enhancement), a fourth degree felony, in violation of §§ 30-3-2(A) and 31-18-16 NMSA 1978;

  c.  Tampering with evidence, a fourth degree felony, in violation of §§ 30-22-5 NMSA 1978; and
  d.  Conspiracy to commit the offense of tampering with evidence, a fourth degree felony, in violation of §§ 30-28-2 and 30-22-5 NMSA 1978.

(Doc. 16-1). On July 3, 2008, Petitioner was sentenced to a total term of incarceration of 21 years and 6 months, to be followed by a 2-year term of parole (Doc. 16-1 at 2). The state court entered the Judgment, Order and Commitment to the Corrections Department on August 19, 2008 (Doc. 16-1). Petitioner was represented by counsel during the pendency of the underlying state criminal proceeding: from arraignment through appeal (Doc. 1 at 13).

  Petitioner filed his Notice of Appeal on August 25, 2008 (Doc. 16-1 at 6). He argued that the trial court erred by (1) allowing the testimony of Gina Jimenez and Tiana Martinez pursuant to the excited utterance exception to the general rule excluding hearsay; (2) permitting the prosecution introduce the recorded conversation between Petitioner and Ruben De La O while they were in police custody; (3) admitting evidence of a monitored jailhouse telephone conversation between Petitioner and his father; (4) allowing admission of an alleged comment on Petitioner's decision to invoke his Fifth Amendment rights (Doc. 16-1 at 9-19, 27-62). On April 28, 2011, the New Mexico Court of Appeals entered its Opinion concluding that the trial court did not err in admitting the evidence and affirmed Petitioner's convictions (Doc. 16-2 at 1-18). Petitioner filed a petition for writ of certiorari in the New Mexico Supreme Court raising the identical issues on May 25, 2011 (Doc. 16-2 at 19). On July 18, 2011, the New Mexico Supreme Court entered its Order denying the petition (Doc. 16-2 at 50).

  Petitioner filed a Petition for Writ of Habeas Corpus ("State Court Petition") in the Third Judicial District, Dona Ana County on September 9, 2011 (Doc. 16-3 at 1). Petitioner asserted that he was denied effective assistance of counsel. Id. The state court dismissed the State Court Petition by Order entered September 14, 2012, concluding that Petitioner failed to assert any

meritorious claims (Doc. 16-4 at 13-15). Petitioner filed his Petition For Writ of Certiorari in the New Mexico Supreme Court, asserting that he received ineffective assistance of counsel which was denied on October 21, 2011 (Doc. 16-4 at 16-20).

## PROCEDURAL HISTORY
## IN THE FEDERAL COURT

Petitioner filed the instant Petition (Doc. 1) for habeas relief pursuant to 28 U.S.C. § 2254 on May 25, 2012, asserting five grounds for relief which are also sought in either Petitioner's Appeal or Petition for Writ of Habeas Corpus filed in the state court. Respondents filed their Answer (Doc. 16) and Motion to Dismiss and Memorandum in Support (Docs. 17, 18) arguing that Petitioner fails to make any cognizable claims that would support habeas corpus relief. Petitioner filed a Motion to Grant Petitioner's Federal Habeas Corpus Petition and Petitioner Protests Against Respondent's Motion for Dismissal (Doc. 19) which the Court construes as Petitioner's Response. In his Response (Doc. 19) Petitioner seeks appointment of counsel. Respondent's Reply argues that the Court should deny Petitioner's request for appointment of counsel given the lack of complexity of the legal issues (Doc. 20). The Court entered its Order Denying Appointment of Counsel on December 11, 2012 (Doc. 27).

## LEGAL STANDARD

The habeas corpus statute requires that the Petitioner demonstrate that he "is in state custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Petitioner must also demonstrate that he "has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). Respondents concede that Petitioner is in state custody and has exhausted the remedies available in the New Mexico state court on the claims raised herein (Doc.16 at 5). Respondents also state that they do not expressly waive exhaustion and that in the event Petitioner files an amended petition, they "reserve the right to respond to any issue

regarding exhaustion" (Doc. 16 at 6).

A claim that has been adjudicated on the merits in state court will be reviewed under the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Turrentine v. Mullin, 390 F.3d 1181, 1188 (10th Cir. 2004). Under AEDPA, the Court cannot grant habeas relief pursuant to 28 U.S.C. § 2254(d), unless the decision in the state court proceeding (1) is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d)(1) - (2). State court decisions must be given the benefit of the doubt. Byrd v. Workman, 645 F.3d 1159, 1166 (10th Cir. 2011) (citing Renico v. Lett, __ U.S. __, 130 S. Ct. 1855, 1862 (2010)). AEDPA increased the deference federal courts must show state court's factual findings and legal determinations. Houchin v. Zavara, 107 F.3d 1465, 1470 (10th Cir. 1997). The Court must presume the factual findings made by the state court are correct and the Petitioner has the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

## ANALYSIS

### I.
### Claims That The Trial Court Erred In Admitting Hearsay Testimony

In the first two grounds raised, Petitioner claims that the trial court abused its discretion by allowing witnesses, Gina Jimenez and Tiana Martinez, to testify about statements made to them by Daniel Jimenez, a witness to the shooting giving rise to Petitioner's conviction, under the excited utterance exception to the hearsay rule (Doc. 1). Respondents contend that Petitioner's claims "do not articulate a legal theory for violation of a federal constitutional right" and seek dismissal of these claims for lack of jurisdiction (Doc 18 at 9). In the alternative,

4

Respondents argue that these claims should be dismissed for "failure to satisfy" the AEDPA standard imposed on the Court when evaluating "state-court rulings" (Doc. 18 at 9).

"Federal habeas review is not available to correct state law evidentiary errors." Hooks v. Workman, 689 F.3d 1148, 1181 (10th Cir. 2012) (citing Ochoa v. Workman, 669 F.3d 1130, (10th Cir. 2012). The Federal Court only reviews violations of constitutional rights. Id. "[A] federal habeas petitioner is not entitled to habeas relief on the basis of erroneous evidentiary rulings unless he can show that, "because of the court's actions, his trial, as a whole, was rendered fundamentally unfair." Mitchell v. Gibson, 262 F.3d 1036, 1053 (10 Cir 2001)(citing Maes v. Thomas, 46 F.3d 979, 987 (10th Cir.1995)). In Duckett v. Mullin, the Tenth Circuit stated, "[w]e may not provide habeas corpus relief on the basis of state court evidentiary rulings unless they rendered the trial so fundamentally unfair that a denial of constitutional rights results." 306 F.3d 982, 999 (10th Cir.2002). "Because a fundamental-fairness analysis is not subject to clearly definable legal elements, when engaged in such an endeavor a federal court must tread gingerly and exercise considerable self-restraint." Id. Our "inquiry into fundamental unfairness requires examination of the entire proceedings, including the strength of the evidence against the petitioner." Harris v. Poppell, 411 F.3d 1189 at 1197 (10th Cir. 2005) (citing Le v. Mullin, 311 F.3d 1002, 1013 (10th Cir.2002).

The trial court admitted both Ms. Jimenez's and Ms. Martinez's testimony under the "excited utterance" exception to the general rule prohibiting the admission of hearsay pursuant to Rule 11-803(B) of the New Mexico Rules of Evidence (Doc. 1 and Doc. 16). On appeal, the New Mexico Court of Appeals reviewed the trial court's evidentiary ruling and thoroughly analyzed the applicable case law (Doc. 16-2 at 1-18). In its analysis, the Court of Appeals considered the factual findings of the trial court including the length of time between the

"startling event and the statement to the witnesses" which Petitioner argues was too remote to trigger the exception. Id.  The Court of Appeals stated that it reviewed the "totality of the circumstances" considering the "time sequence of the statement", the "stress and emotional strife declarant was experiencing", declarant's age when the shooting occurred, among other details contained in the record (Doc. 16-2 at 7).  The Court of Appeals also considered that Mr. Jimenez's statement to the witnesses was voluntary, "not in response" to questioning, and "was not self-serving since it implicated the Declarant [Mr. Jimenez] as a witness to the incident (Doc. 16-2 at 9).  Ultimately, the New Mexico Court of Appeals concluded that the trial court did not abuse its discretion and that the evidence was properly admitted under the excited utterance exception (Doc. 16-2 at 8).  Thereafter, the New Mexico Supreme Court summarily denied the petitioner for writ of certiorari (Doc. 16-2 at 50).

   Petitioner asks the Court to grant habeas corpus relief because he disagrees with the trial court's evidentiary ruling.  In the Petition (Doc. 1), he states that the testimony was allowed "over defense objection" that it was hearsay.  The Petitioner has never asserted that any factual determinations are in dispute.  In his Response, Petitioner argues that the case law cited by Respondents is irrelevant and that he did not receive a fair trial (Doc. 19 at 5). Moreover, Petitioner does not provide any facts or suggest that the decision to admit the testimony was "so grossly prejudicial that it fatally infected the trial and denied [Petitioner] the fundamental fairness that is the essence of due process." Cheatham v. Nelson, 88 F.Supp.2d 1163, 1166 (D. Kan 2000) (citing Williamson v. Ward, 110 F.3d 1508, 1522 (10th Cir. 2000)).  In accordance with the AEDPA, this Court presumes that the factual findings of the state courts are correct.  There is no evidence that the admitted testimony was fundamentally unfair in light of the other testimony presented at trial that the Court of Appeals cites in its Opinion.  Specifically, the Court

of Appeals identifies other witnesses who testified that Petitioner "was the shooter" including Mr. Jimenez himself, A.B. the person who was walking with the victim when the shooting occurred and Ms. Martinez who testified that Petitioner admitted to her that he was "the shooter" (Doc. 16-2 at 2, 3, and 4).

The Court concludes that Petitioner's claims that the admission of the witnesses' testimony was erroneous lacks merit and recommends dismissal of these claims.

## II.
## Claim That State Court Erred In Admitting Recording Of Petitioner and Co-Defendant While In Police Custody

Next, Petitioner argues that the trial court erred in admitting evidence of a conversation between Petitioner and an accomplice, Ruben De La O ("Accomplice") that was "secretly recorded" while both were in police custody (Doc. 1 at 8). Petitioner claims that the admission of the transcript and the playing of the recording violated his Sixth Amendment rights (Doc. 1 at 8). He argues that at trial his defense counsel moved for exclusion of the recording because counsel would be unable to "cross-examine and confront" Accomplice (Doc. 1 at 8). Respondents assert that the admission of the conversation did not violate Petitioner's rights under the Confrontation Clause because the conversation was non-testimonial in nature (Doc. 18 at 14).

The Confrontation Clause of the Sixth Amendment "bars the admission of testimonial hearsay unless (1) the declarant testifies at trial, or (2) the declarant is unavailable to testify and was previously subject to cross-examination concerning the statement." United States v. Faulkner, 439 F.3d 1221, 1225 (10 Cir. 2006) (citing Crawford v. Washington, 541 U.S. 36 (2004)). In Crawford, the Supreme Court reasoned that "testimonial" encompasses formal statements to law enforcement which would include police interrogations and prior testimony.

7

541 U.S. at 56.  The Tenth Circuit has held that "a statement is testimonial if a reasonable person in the position of the declarant would objectively foresee that his statement might be used in the investigation or prosecution of a crime." United States v. Summers, 414 F.3d 1287, 1302 (10th Cir.2005).

    The New Mexico Court of Appeals reviewed Petitioner's constitutional claims and analyzed the applicable case law.  In its Opinion, the Court of Appeals cited to Supreme Court authority to examine the distinction between testimonial and non-testimonial statements[1] (Doc. 16-2 at 1-18).  The Court of Appeals considered whether the "clandestine videotaped conversation . . . constitutes police interrogation for the purposes of the Confrontation Clause" (Doc. 16-2 at 12).  The Tenth Circuit has held that an accomplice's statements to an informant were "non-testimonial" even if the statements were secretly recorded.  United States v. Smalls, 605 F.3d 765 (10th Cir. 2010).  The Court of Appeals cited to the reasoning in Smalls that although the "government coordinated the placement of a wired informant in the room with the accomplice," there was no interrogation because the accomplice spoke freely to the informant (Doc. 16-2 at 14).  Here, Petitioner and Accomplice spoke freely without any police questioning although they were secretly recorded (Doc. 16-2 at 14).  At trial and on appeal, Petitioner argued that without governmental involvement the statements would not have been made, which the Court of Appeals dismissed because Petitioner cited no supporting authority (Doc. 16-2 at 12-13).  The Court of Appeals concluded that Petitioner's own statements were non-testimonial and cited New Mexico case law recognizing that Petitioner's own admissions generally do not implicate Confrontation Clause violations.  Id.  While the Court of Appeals points out that this is

---

[1] Crawford v. Washington, 541 U.S. 36 (2004) (recognized that police interrogations are testimonial in nature); Davis. v. Washington, 547 U.S. 813, 822 (2006) (clarifying that where "the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution" the resulting statement is testimonial).

a matter of first impression in New Mexico, based on its analysis concluded that Petitioner's and Accomplice's statements were not testimonial in nature and therefore, not entitled to protection under the Confrontation Clause.  The Court of Appeals affirmed the decision of the trial court to admit the recording and transcript of the conversation between Petitioner and Accomplice (Doc. 16-2 at 18).

Again, the Court presumes that the factual findings of the state court are correct. 28 U.S.C. § 2254(e)(1).  In his Response, Petitioner asserts that the "fifth (sic) amendment right to confrontation is a constitutional right" and claims that he "wasn't allowed to confront [his] co-defendant at trial (Doc. 19 at 3, 7).  He argues that the jury's focus was on the "co-defendant" and what the "co-defendant was saying." Id.   Petitioner further argues that Respondents cite irrelevant case laws and they are attempting to use prejudice against Petitioner.  Petitioner rants about unfairness but offers no additional facts or evidence to rebut the presumption.  Moreover, Petitioner fails to demonstrate how the decision of the trial court was contrary to, or involved an unreasonable application of, clearly established Federal law or that there was an unreasonable determination of facts in light of the evidence presented.

The Court concludes that the decision of the trial court to admit the recording and transcript was consistent with applicable federal law.  Petitioner fails to meet his burden and therefore, the Court recommends Petitioner's claim be dismissed.

### III.
### Petitioner's Claim That State Court Erred In Admitting Recording Of Jailhouse Telephone Call Between Petitioner And His Father

For Ground Four, Petitioner claims that the trial court erred in admitting the recording of a jailhouse telephone call between Petitioner and his father (Doc. 1 at 10).  Petitioner contends that at trial, defense counsel argued that the recording was improperly "being offered as

9

impeachment, despite the fact that" Petitioner never testified. Id.  Respondents argue that Petitioner fails to assert a violation of a federal constitution right but only challenges an evidentiary ruling of the trial court (Doc. 18 at 17).  Respondents also argue, in the alternative, that even if Petitioner was alleging a violation of his Confrontation Clause rights[2], Petitioner is not entitled to habeas corpus relief. Id.

As stated previously, Petitioner cannot successfully challenge an evidentiary ruling of the state court in a federal habeas corpus proceeding unless Petitioner can demonstrate that the ruling rendered his trial, as a whole, fundamentally unfair. Mitchell v. Gibson, 262 F.3d at 1053.  Here, Petitioner asserts that his conversation with his father was not a prior inconsistent statement because he "never denied the shooting" (Doc. 1 at 10).  Petitioner argues that "the jail telephone call would be impeachment evidence" only if he "put his credibility into issue" which Petitioner claims that he did not. Id.  What is apparent to the Court is that Petitioner keeps changing his argument in support of his claim that the trial court erred in admitting the telephone conversation.  In his state court appeal, he abandoned the "improper impeachment" argument instead claiming that the trial court abused its discretion based upon a misunderstanding of law (Doc. 16-2 at 15-16).  The Court of Appeals affirmed the decision of the trial court citing several legal bases.  First, Petitioner's own statement during the telephone conversation were admissions of a party-opponent in accordance with Rule 11-801(D0(2)(a)NMRA. Id. at 16.  Then, Petitioner's father's statements were admitted to show context of the conversation in accordance with New Mexico case law. Id.  Finally, the Court of Appeals concluded that properly admitted evidence under any theory will be affirmed. Id.

As stated above, the Court presumes that the factual findings of the trial court and the

---

[2] Petitioner's state court appeal argues that admission of the recorded conversation with his father amounted to a violation of his Confrontation Clause rights (Doc. 16-2 at ).

Court of Appeals are correct. 28 U.S.C. § 2254(e)(1). The Court cannot second guess the decision of the state courts in evidentiary determinations without some evidence that decision of the court was "so fundamentally unfair that Petitioner was denied his constitutional rights. Petitioner does not offer any facts or evidence to rebut the presumption of correctness or that the decision was fundamentally unfair. In addition, Petitioner fails to demonstrate how the decision of the trial court was contrary to, or involved an unreasonable application of, clearly established Federal law or that there was an unreasonable determination of facts in light of the evidence presented. Therefore, the Court recommends Petitioner's claim be dismissed.

## IV.
## Claim of Ineffective Assistance of Counsel

Petitioner asserts that he was denied effective assistance of counsel claiming that his trial attorney failed to (1) provide Petitioner with requested discovery which prevented Petitioner from assisting with his own defense, (2) provide a logical defense, (3) use beneficial information provided by Petitioner, (4) subpoena a co-defendant Petitioner requested (Doc. 1 at ). Petitioner raised the identical claim in his state habeas petition, which the state court summarily denied (Doc. 16-4 at 13). He filed a Petition for Writ of Certiorari which was denied on October 21, 2011 (Doc. 16-4 at 20).

In order to succeed on a claim of ineffective assistance of counsel, Petitioner must show: (1) that counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms. . ." and (2) that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance. Sandoval v. Ulibarri, 548 F.3d 902, 909 (10th Cir. 2008) (*citing* Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). In order to satisfy the first Strickland prong, Petitioner must identify "acts or omissions of counsel that are alleged not to have been the result of reasonable professional

judgment." Strickland, 466 U.S. at 690. Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness. The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the . . . range of professionally competent assistance." Id. There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. Strickland, 466 U.S. at 688. "Conclusory allegations are insufficient to support an ineffective assistance of counsel claim." U.S. v. Fisher, 38 F.3d 1144, 1147 (10th Cir.1994).

Finding prejudice under the second Strickland prong, requires that the Petitioner demonstrate that his attorney's alleged deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. In the context of asserting ineffective assistance of counsel for a plea agreement, Petitioner is required to show that "counsel's deficient performance affected the outcome of the plea process and there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." U.S. v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002) (*citing* Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir.2001), *cert. denied*, 534 U.S. 1140, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002)).

In applying the two-part Strickland test, a court may address the performance and prejudice components in any order. Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) (*citing* Strickland, 466 U.S. at 697); Boltz v. Mullin, 415 F.3d 1215, 1222 (10th Cir. 2005). The Court need not address both components if the petitioner fails to make sufficient showing of either. Id.

The state court considered Petitioner's ineffective assistance of counsel claim in a Petition for Writ of Habeas Corpus filed on September 9, 2011. The state court reviewed the record and made findings and conclusions that generally Petitioner's claims lacked any merit because he failed to demonstrate his defense was prejudiced by the actions of his attorney (Doc.

16-4 at 13).  The Court considers Petitioner's claims and likewise concludes Petitioner's claim should be denied.

First, Petitioner contends that had his trial attorney been effective, Petitioner might have been acquitted or convicted of lesser offenses (Doc. 1 at 16).  Petitioner argues that trial counsel failed to provide Petitioner with discovery so he [Petitioner] could aid in his defense and further that trial counsel failed to "even present a defense" Id. at 16.  Petitioner fails to identify what "helpful information" he provided or explain how this information could have helped his defense or how it would have affected the jury verdict.  Factual allegations must be "specific and particularized, not general or conclusory."  Anderson v. Attorney General of Kansas, 425 F.3d 853, 859 (10th Cir. 2005).  Petitioner's allegations are vague and conclusory at best and fail to satisfy the requirements of Strickland.

Next, Petitioner asserts that his attorney's performance was deficient because "the detective lied under oath at the grand jury hearing" and then his attorney failed "cross-examine the detective" on this point at trial.  Petitioner also asserts that counsel failed to subpoena Petitioner's co-defendant.  Petitioner's claim goes on to ramble disjointedly about coercion and that the police used coercion to obtain evidence, that the detective should have been discredited, and that the police were dishonest during the grand jury.  Id. at 16.

Petitioner does not show how his attorney's actions fell below an "objective standard or reasonableness."  Petitioner fails to demonstrate how had his attorney cross-examined the detective or elicited testimony from the co-defendant the jury verdict would have been different.  In light of the witnesses' testimony at trial (Doc. 16-2 at 2, 3, 4) implicating Petitioner as "the shooter" and his own admissions, it appears to the Court that his attorney's cross examination of the detective nor testimony of the co-defendant could have altered the decision of the jury.

Similarly, Petitioner fails to demonstrate that counsel's performance prejudiced his defense.

The Court concludes that Petitioner's allegations are insufficient to satisfy the requirements of Strickland.  The Court recommends Petitioner's claim for ineffective assistance of counsel be denied.

## CONCLUSION

The Court concludes that Petitioner is not entitled to any relief with respect to the claim raised in his § 2254 motion.  Therefore, the Court recommends that Petitioner's motion (Doc. 1) be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE